Dear Sheriff Ballance:
This office is in receipt of your request for an opinion of the Attorney General in regards to the duties of coroners who are not medical doctors in sexual assault cases. You indicate that the Bienville Parish Coroner is not a medical doctor due to the lack of any licensed medical doctors in the parish of Bienville. The lack of a medical license for the coroner of a parish is permissible under La. R.S.33:1554(A) when no licensed physician qualifies to run for the office. You seek the opinion of the Attorney General on the extent of involvement, if any, a coroner who is not a licensed physician should have in sexual assault cases. You specifically ask:
 1) If a coroner is not a medical doctor, do the requirements and duties listed in the law apply?
 2) Specifically, should the coroner be involved at all in sexual assault cases?
 3) If he is required by law to have some involvement, should that involvement be limited to obtaining information from law enforcement and not actually coming into contact with the victim?
 4) Is law enforcement required to notify the coroner of a sexual assault?
La. R.S. 33:1563 outlines the duties of a coroner. Under the language of the statute, these duties apply to a coroner, regardless of whether the coroner is a licensed physician. For example, subpart B states, "The coroner may perform or cause to be performed by a competent physician an autopsy in any case in his discretion. The coroner shall perform or cause to be performed by a competent physician an autopsy in the case of any death where there is a reasonable probability that the violation of a criminal statute has contributed to the death." Thus, if the coroner's lack of a medical license prevents him from personally carrying forth the mandates of 33:1563, the coroner is to cause performance from a competent physician. Therefore, the duties set out in the law apply to all coroners, regardless of whether they are medical doctors.
Under 33:1563, the coroner is required to be involved in sexual assault cases. Subpart F states, "The coroner or his designee shall examine all alleged victims of rape, carnal knowledge, sexual battery, incest, and crime against nature when such cases are under police investigation." Thus, the extent of a coroner's involvement in a sexual assault case consists of either the coroner or a designee of the coroner examining the victim. In La. Atty. Gen. Op. # 94-499, with reliance upon La. Atty. Gen. Op. # 89-78, subsequently cited in La. Atty. Gen. Op. # 02- 117, this office suggested that the coroner should designate every licensed hospital in the jurisdiction and members of its medical staff as his "designee" for the performance of medical examinations under33:1563(F) of all alleged victims of sexual assaults. However, in the absence of such a general and broad designation, the coroner, or a specific licensed physician designated by the coroner, is required to examine all sexual assault victims.
In order for the fulfillment of the mandate in 33:1563(F), law enforcement must notify the coroner or his designee in the event of a sexual assault. The examination is required by statute whenever a sexual assault is "under police investigation." Thus, an examination by the coroner or his designee is a requirement for the proper police investigation of rape, carnal knowledge, sexual battery, incest or a crime against nature. Therefore, notification of the coroner or his designee by law enforcement in a sexual assault investigation is required by law.
Very truly yours,
CHARLES C. FOTI, JR., ATTORNEY GENERAL
 BY: ______________________ SONCEREE SMITH CLARK ASSISTANT ATTORNEY GENERAL
SSC/cc/jy
OPINION NUMBER 02-117 Dr. Rick Foster Coroner, Attorney General of Louisiana — Opinion. May 9, 2002
13-Coroners R.S. 33:1556, R.S. 33:1563
Discusses the coroner certifying the SANE nurse as an expert in rape investigation with a cooperative agreement for a tri-parish area.
 Dr. Rick Foster Coroner, Tangipahoa Parish P.O. Box 1200 Ponchatoula, LA 70454
Dear Doctor Foster:
This office is in receipt of your request for an opinion of the Attorney General in regard to the responsibility for payment of services relative to a rape investigation. You indicate pursuant to R.S.33:1563(F) the coroner must examine rape victims, and shall be paid by the governing authority for the expenses of the examination which include the fee for emergency room visit, rape kit, laboratory fee for testing specimens, physician's fee, any other reasonable diagnostic procedure required for formation of an expert medical opinion as to the fact and nature of force used, the resistance by the victim and injuries suffered. You state in accordance with Atty. Gen. Op. No. 89-78 that if the examination occurs in a city hospital the municipality must pay for the examination although your hospital is a Parish Hospital located within the city limits. You further relate that a SANE program, Sexual Assault Nurse Examiner, was instituted in a tri-parish area of the 21st Judicial District which was to be funded by the Victim's Reparation Board, but the Board has cut this off on the basis it is for the coroner to do when requested under R.S. 33:1556. You state approximately 100 exams will be done in one year and each exam is about 6 to 8 hours, and the SANE program needs to be protected. In this regard you ask as follows:
1. Does the municipality where a tri-parish SANE program is being done have the responsibility for the physician's fee for the evidence collected?
You further indicate that R.S. 33:1556 authorizes payment of $50 to the coroner for every investigation although Section 1556A(6) requires affirmative approval by the municipality or parochial governing authority for any charge in excess of $30. You ask the following:
2. Is this a fee because an examination was done or is it the maximum allowable payment of the physician or SANE nurse that does the examination?
3. If this is occurring in the same parish hospital that is located in a municipality, is it the municipality's responsibility to pay for the exams for a tri-parish area, and if so, must there be an inter-agency agreement to determine if this should be $30 or $50 dollars; and, if it is up to each municipality and each parish governing authority to pay these, must a separate agreement be reached between each one to determine this payment?
You note that R.S. 33:1556 requires the payment of the fees for all physical examinations or investigations in addition to any necessary expenses that may be incurred, and this is separate from the operating budget. Investigative expense and medical expense are distinct, with the medical expense being that of the victim. Since the operational fund is that which is necessary to sustain the function of the office, you ask these questions:
5. Is the money paid out to SANE, which is payment for the medical expenses of the victim's forensic examination, to come from the coroner's operational budget, or where does it come from?
6. Do you have the option to have a separate and distinct budget for the payment of rape examination by the SANE, or does there just need to be an additional category to cover this expense added to the coroner's operation budget?
R.S. 33:1563 sets forth duties of the coroner in holding autopsies and investigations. A substantial portion of the statute is relative to investigations into cause of death, but provides in Paragraph F as follows:
The coroner or his designee shall examine all alleged victims of rape, carnal knowledge, sexual battery, incest, and crime against nature when such cases are under police investigation.
As you are aware this office concluded in Atty. Gen.Op. 94-499 in regard to fees to be paid to the coroner for examinations as follows:
Thus, he can charge the parish government for the mandated service of examination of all alleged victims of rape, carnal knowledge, sexual battery, incest and crime against nature when such cases are under police investigation, when a hospital fails to examine a victim, and when it is probable there has been a rape. If a city hospital is involved, the municipality must pay the fee for the examinations. (Emphasis added.)
However, in Atty. Gen. Op. 99-381 it was found inasmuch as the coroner had his professional office and performed many of his compensable duties within the municipality, this placed an inequitable burden upon the municipality in which the office was situated. It was observed that the best solution for all would be some type of cooperative endeavor justified by the legal obligation obtaining for all of the governing authorities to pay some portion of the compensation of the coroner whereby all political subdivisions would concur in a joint responsibility to pay all the fees. It was stated, "The coroner would submit one bill, which would be paid by all under an agreed schedule of percentages to be paid by each political subdivision."
Similarly, perhaps some cooperative endeavor by the tri-parishes involved could be developed to cover the situation of your concern.
We note that you state that R.S. 33:1556 authorizes payment of $50 to the coroner for every investigation, but that 1556(A) (6) requires affirmative approval by the governing authority for any charge in excess of $30. This statement is incorrect inasmuch as R.S. 33:1556(A) (6) now provides as follows:
Notwithstanding any provision of this Section to the contrary, the affirmative approval of the governing authority of the parish or municipality shall be required for the coroner to charge more than two hundred and fifty dollars for the performance of any autopsy. In addition, the affirmative approval of the governing authority of the parish or municipality shall be required for the coroner to charge for any expense, tests, costs, or other fees, when the charge for such expenses, tests, costs, or other fees exceed the maximum charges established in the coroner's annual fee schedule. In such fee schedule, the coroner shall list all fees for which a charge of fifty dollars is authorized by law. Such schedule shall be filed with the governing authority of each affected parish or municipality not later than the last day of January of each year.
In regard to your questions it appears that R.S. 33:1560 is pertinent wherein it is provided:
The coroner may contract with any competent physician or other expert to assist in the conduct of an investigation or autopsy. The physician or other expert, upon the certification of the coroner, shall be paid by the parish or municipality such compensation for his services as shall be mutually agreed upon by the coroner and governing authority of the parish or municipality responsible for the expenses of the investigation or autopsy. However, such compensation, including expenses, tests, costs, or fees, shall not exceed the sum of five hundred dollars, unless otherwise mutually agreed upon by the coroner and the chief executive officer or chief fiscal officer of the parish or municipality. (Emphasis added.)
Therefore, the SANE nurse can be certified as an expert in conducting a rape investigation to be paid by the parish or municipality "as shall be mutually agreed upon by the coroner and governing authority" responsible for the expenses of the investigation, but under the circumstances related it would justify a cooperative agreement of the tri-parish area and municipality involved. This would then not be from the coroner's operational budget, but as stated above require a mutual agreement with the governing authorities involved for contract with an expert to cover the investigative expense performed by the expert which would have to include a rape kit, laboratory fee for testing for specimens, and any other reasonable diagnostic procedure required for the formation of an expert medical opinion, and expert's fee which cannot exceed five hundred dollars.
In Atty. Gen. Op. 94-499, with reliance upon Atty. Gen. Op. 89-78, this office suggested that the coroner should designate every licensed hospital in the jurisdiction and members of its medical staff as his "designee" for the performance of medical examinations under R.S.33:1563F of all alleged victims of rape which renders the coroner's bill to the police jury routine rather than extraordinary. Therein it was further noted that the fees for all physical examinations or investigations that may be incurred are separate from the operating budget and should be tendered to the governing authority, and the coroner himself may have a designee rather than actually conducting the investigation himself.
We hope this sufficiently answers your inquiries.
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Barbara B. Rutledge Assistant Attorney General